## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER H. FRIEDLI, as Trustee for the HANS RUEDI & JERALYN JOAN FRIEDLI REVOCABLE LIVING TRUST DTD 11/10/92, | * | |
| | * | |
| | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:23-cv-00546-JMC |
| SILVER STAR PROPERTIES REIT, INC. | * | |
| *Defendant.* | * | |
| | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Peter H. Friedli, as trustee for Hans Ruedi & Jeralyn Joan Friedli Revocable Living Trust, ("Friedli"), filed the present action against Defendant Silver Star Properties REIT ("Silver Star") on February 28, 2023, alleging breach of contract and a claim for an accounting. (ECF No. 1). Plaintiff then amended his Complaint on May 23, 2023, as a matter of right pursuant to Federal Rule of Civil Procedure 15(a), adding a claim for breach of fiduciary duty. (ECF No. 8). Presently before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF No. 47). The Court has considered the Motion, Defendant's Opposition thereto (ECF No. 48), and Plaintiff's Reply (ECF No. 53). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion is DENIED.

## I.     FACTUAL BACKGROUND

Plaintiff brought this action on behalf of the Hans Reudi & Jeralyn Joan Friedli Revocable Living Trust in his capacity as trustee. (ECF No. 8 at 2).[1] The trust was established in 1992 by Plaintiff's parents, who are now deceased. *Id.* Plaintiff alleges that his father, Hans Friedli, invested approximately $72,000 in one or more real estate investment entities managed by a man named Allen Hartman. *Id.* at 6. As set forth in Plaintiff's First Amended Complaint, "Defendant SSPR was formerly named Hartman Short Term Income Properties XX, Inc., and it is the successor to various predecessor real estate investment trust entities that, for various reasons, were created periodically over the decades since Decedent Friedli invested[.]" *Id.* Plaintiff seeks to redeem the shares from the original investment on behalf of the trust, and to that end submitted a "Share Redemption Request form" to Defendant on September 28, 2021. *Id.* at 6-7. Plaintiff asserts that a representative of Defendant responded via email that Defendant "Would be able to process your redemption request at a cost basis ($72,425.80) by 7/31/22" to which Plaintiff replied, "what grounds?" *Id.* at 7. Defendant ultimately did not redeem the shares, and Plaintiff filed the presently pending action.

## II.    PROCEDURAL HISTORY

Plaintiff's original Complaint alleged breach of contract and a claim for accounting. (ECF No. 1). Plaintiff thereafter filed an Amended Complaint as of right, pursuant to Federal Rule of Civil Procedure 15(a), adding a claim for breach of fiduciary duty. (ECF No. 8).[2] Defendant moved to dismiss all three counts for failure to state a claim upon which relief can be granted as provided for under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). Judge Russell of this Court

---

[1] When the Court cites to a particular page or range of pages, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

[2] Plaintiff further added John Doe Real Estate Investment Trusts 1-100 as additional defendants, (ECF No.8), but later stipulated to the dismissal of claims against the John Doe Defendants without prejudice. (ECF No. 31).

dismissed Plaintiff's claims for breach of fiduciary duty and breach of contract without prejudice but permitted Plaintiff's accounting claim to proceed. (ECF No. 20). Plaintiff now seeks to file a Second Amended Complaint reasserting a breach of contract claim, which is presently pending before this Court. (ECF No. 47).

### III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a party's timeframe for amending its pleading as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Under Rule 15(a), the district court 'has broad discretion concerning motions to amend pleadings . . .'" *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2016 WL 8669914, at *8 (D. Md. Oct. 28, 2016) (quoting *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam)) (other citation omitted). The Supreme Court of the United States has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.").

Regarding futility, "[t]here is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion." *Morgan v. Coppin State Univ.*, No. SAG-20-0427, 2020 WL 6485083, at *2 (D. Md. Nov. 4, 2020) (quoting *Aura Lights US Inc. v. LTD Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017)) (internal citation omitted). "Yet, the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. [Rather], [t]he Court applies a much less demanding standard: whether the proposed amendment is clearly insufficient or frivolous on its face." *Morgan*, 2020 WL 6485083 at *2 (quoting *Aura Lights US Inc.*, 2017 WL 2506127 at *5) (internal citation and quotation marks omitted).

## IV.    DISCUSSION

Judge Russell dismissed Plaintiff's first breach of contract claim for failing to adequately allege that a contract existed between the parties, both at the time of the parties' communications in 2021 and 2022, and at the time of Hans Friedli's original investment:

> To the extent Friedli asserts that a contract arose from the 2021 and 2022 communications between Friedli and SSPR, Freidli never accepted SSPR's offer to redeem the shares at cost basis; he only responded "what grounds?" (Am. Compl. ¶ 25). A contract requires "offer, acceptance, and consideration." <u>Chubb & Son v. C & C Complete Servs., LLC</u>, 919 F.Supp.2d 666, 678 (D. Md. 2013) (quoting <u>B–Line Med., LLC v. Interactive Digit. Sols., Inc.</u>, 57 A.3d 1041, 1055 (Md. App. 2012)). Because Friedli did not accept SSPR's offer, no contract was ever formed, and there could not have been a breach of contract as to SSPR's offer for redemption. To the extent that Friedli alleges breach of a prior existing contract between Decedent Friedli or the Trust and SSPR, he has not sufficiently alleged the existence of a contractual obligation. Friedli does not allege the existence of a contract but rather asks the court to assume that SSPR's offer to process the redemption request at "cost basis" ($72,425.80) "could only arise out of a contract between the parties." (Opp'n at 10). Without more specificity as to the contractual obligation at issue, this is not sufficient to allege a plausible breach of contract claim.

(ECF No. 20 at 5). Plaintiff contends that the Second Amended Complaint "realleges and adds sufficient factual allegations to correct the deficiencies noted in Judge Russell's Order granting Defendant's Motion to Dismiss." (ECF No. 47 at 5). Specifically, Plaintiff newly characterizes the Share Redemption Request Form as a contractual offer, and the email sent by Defendant's representative stating, "[w]ould be able to process your redemption request at a cost basis ($72,425.80) by 7/31/22" as an acceptance. *Id.* at 6. Plaintiff asserts that "Judge Russell's Order dismissing Plaintiff's original breach of contract claim did not correctly assess when the offer and acceptance occurred" and that the amendment "clarifies that it was Defendant, not Plaintiff, who accepted the redemption request and thus created a binding contractual obligation to pay Plaintiff $72,425.60 by July 31, 2022." *Id.*   In prior filings, Plaintiff cites to these communications as evidence as of a prior existing contract but does not explicitly state that they formed an independent contract. *See, e.g.*, ECF No. 13 at 10 ("This sequence of events plausibly suggests, if not establishes, that the Trust has a contractual right to redemption; otherwise, Silver Star's response would have denied that the Trust had any such right.").[34] Defendant does not claim that it is prejudiced by the proposed amendment or that it is untimely, but instead argues that Plaintiff simply recasts previously unsuccessful factual allegations dismissed under Rule 12(b)(6), rendering the amendment futile. (ECF No. 48 at 9).

In determining whether a proposed amendment is futile, the Court's review "does not involve an evaluation of the underlying merits of the case[,]" *Lavin v. Safeco Insurance Co. of*

---

[3] Plaintiff also asserted the existence of an investment contract between Hans Friedli and Defendant in his first Amended Complaint "that governed the terms and conditions of his original investment[,]" (ECF No. 8 at 6), but does not allege any such contract in his proposed second Amended Complaint.

[4] While Plaintiff's first Amended Complaint refers to the email from Defendant's representative as an "offer to redeem" the trust's shares for $72,425.80, it isn't clear that Plaintiff intended to characterize the email as *contractual* offer. (ECF No. 8 at 13). It appears to be Defendant who first explicitly framed the email as a contractual offer. (ECF No. 10 at 9).

*America*, No. SAG-22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022), and application of the Rule 12(b)(6) standard is unnecessary. *Morgan*, 2020 WL 6485083 at *2 (internal citation omitted). The undersigned notes, however, that Judge Russell already considered the exact facts set forth in the Second Amended Complaint, construed in the light most favorable to Plaintiff as required under Rule 12(b)(6), and held them insufficient to state a claim for breach of contract. (ECF No. 20 at 5). Judge Russell unambiguously rejected the premise that a contract arose from these specific communications between Plaintiff and Defendant's representative. *Id.* If anything, Judge Russell characterized that interaction as *Defendant* make an offer to redeem at cost, with Plaintiff rejecting that offer in the response "on what grounds?" (ECF 20 at 5).  Plaintiff pleads no new facts to bolster his breach of contract claim, and instead merely attempts to reframe the same communications in a different light. This approach does not cure the deficiencies in the Amended Complaint identified by Judge Russell. Accordingly, the undersigned finds that the proposed amendment is insufficient on its face such that permitting Plaintiff to file the Second Amended Complaint would be futile, and Plaintiff's Motion for Leave to Amend will be denied. 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (3d ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied.").

Defendant additionally advocates for Plaintiff's accounting claim to be stricken as moot because "the relief Plaintiff seeks has already been provided through the normal course of discovery[.]" (ECF No. 48 at 8). Plaintiff responds that he continues to seek documents from Defendant that are necessary to determine the amount owed to the trust, and that his claim has not yet been satisfied. (ECF No. 52 at 2-3). By way of example, Plaintiff explains that Defendant's

interrogatory responses indicate that Hans Friedli received 7,242.57 shares of Hartman Income REIT, Inc., but do not identify supporting documents which establish the number of shares— Plaintiff therefore seeks to depose Defendant to ascertain the basis for this assertion. *Id.* Given Plaintiff's representations that there remains outstanding information sought, the Court declines to find that Plaintiff's accounting claim is moot at this time. The issue may be revisited after Plaintiff has the opportunity to depose Defendant.

## V.       CONCLUSION

For the foregoing reasons, it is this 30th day of October, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 47) is **DENIED**; and

2. The parties will jointly submit a proposed scheduling order modifying the discovery and dispositive motions deadlines within fourteen (14) days of the entry of this Order.

Date: <u>October 30, 2024</u>                    <u>          /s/          </u>
                                           J. Mark Coulson
                                           United States Magistrate Judge